# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephan Nicholas Holmes, | Case No. 23-cv-2969 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| MN DOC, et al., | |
| Defendants. | |

**IT IS HEREBY ORDERED THAT**:

1. The application to proceed *in forma pauperis* of Stephan Nicholas Holmes (ECF No. [3]) is **GRANTED**.

2. Mr. Holmes must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. **If Mr. Holmes does not complete and return the Marshal Service Forms on or before February 1, 2024, the Court may recommend dismissal of this matter without prejudice for failure to prosecute**. The Court will provide Marshal Service Forms to Mr. Holmes.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is

mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. Mr. Holmes must pay the unpaid balance ($298.18) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Holmes is confined.

6. Notwithstanding the provisions of 42 U.S.C. § 1997e(g), each individual-capacity defendant upon whom service of process is properly effected or who waives service of process is required to file an answer or other responsive pleading within the time limits established by Rule 12(a)(1) of the Federal Rules of Civil Procedure.

7. **The official-capacity defendants, for whom service of process has already been effected, must file an answer or other responsive pleading on or before January 23, 2024**. The official-capacity defendants may reasonably request an extension of the answer deadline to comport with the date on which the individual-capacity defendants must answer the complaint if those defendants intend to submit a joint response to the complaint.

8. Mr. Holmes's motion for appointment of counsel (ECF No. [27]) is **DENIED**. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). It is not yet apparent that appointment of counsel would benefit either plaintiff or the Court. Mr. Holmes has presented his claims with reasonable clarity, and the Court

cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. The Court will reconsider appointment of counsel *sua sponte* if circumstances change and it appears such an appointment would be appropriate.

Dated: January 2, 2024                               *s/ Dulce J. Foster*
                                                     Dulce J. Foster
                                                     United States Magistrate Judge