UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEPHAN NICHOLAS HOLMES,

Plaintiff,

v.

MINNESOTA DOC; STATE OF MN; JOAN WOLFE, Director of Clinical Operations MCF-OPH; JENNIS IRUKE, MD TIU Centurion; PAUL SCHELL, MN DOC Commissioner; CENTURION OF MN, MN DOC Contracted Health Partner; JESSE PUGH, MCF-Rush Warden; CHERI SHORT, Director of Nursing and Dental for MN DOC; JAMES AMSTERDAM, Medical Director of MN DOC; CASSIE HALFACRE, Director of Clinical Operations MCF-Rush; TINA SNEEN; EMILY MELINGEN, TCU Supervisor; KRISTEN, TCU Supervisor; DOE A, Nurse MCF-Rush; DOE B, TCU MD; and DOE C, Central Office Transfer Coordinator,

Defendants.

Case No. 23-CV-2969 (PJS/DJF)

ORDER

---

Stephen Nicholas Holmes, pro se.

Janine Wetzel Kimble and Ayodele Jessica Famodu, MINNESOTA OFFICE OF ATTORNEY GENERAL, for state defendants.

This matter is before the Court on plaintiff Stephen Nicholas Holmes's objection to Magistrate Judge Dulce J. Foster's December 13, 2023, Report and Recommendation (R&R). Judge Foster recommends denying Holmes's motion for a preliminary

injunction. In his motion, Holmes asks the Court to order defendants (1) to transfer Holmes to the Minnesota Correctional Facility in Oak Park Heights (MCF-OPH), and (2) to provide Holmes with the nerve-pain medication Lyrica. The Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Holmes's objection and adopts the R&R in part.

The Court agrees with the R&R's analysis, except on one issue. The R&R concluded that Holmes's motion for an order to transfer him to MCF-OPH should be denied as moot, because he was already transferred there on October 31, 2023. ECF No. 26. The Court agrees that the motion should be denied, but not because it is moot.

On July 18, 2023, the Minnesota Department of Corrections (DOC) transferred Holmes from the Transitional Care Unit of MCF-OPH to the Minnesota Correctional Facility in Rush City (MCF-RC). ECF No. 14 ¶ 9. Within days of his arrival at MCF-RC, however, Holmes began complaining to staff that MCF-RC did not have the resources it needed to properly address his medical conditions—in particular, an adjustable hospital bed. ECF No. 14 at ¶¶ 10, 11. After many weeks of back and forth between Holmes and DOC staff, Holmes filed this lawsuit and a motion for a preliminary injunction on September 25, 2023. ECF Nos. 1, 2.

On October 25, 2023, Holmes docketed a letter from his outside surgeon, Dr. Peter Letourneau, "strongly recommend[ing]" that Holmes be provided with an

adjustable hospital bed.  ECF No. 18.  Defendants then supplemented the record with a declaration stating that they had not seen Dr. Letourneau's letter prior to submitting their initial brief opposing Holmes's motion for a preliminary injunction.  ECF No. 20.  Defendants further stated that, after reviewing Dr. Letourneau's letter with medical personnel, defendants had decided to transfer Holmes back to MCF-OPH.  ECF No. 20.  On October 31, 2023, Holmes was transferred back to MCF-OPH, where he remains incarcerated.  ECF No. 26.

In the R&R, Judge Foster found that Holmes's transfer back to MCF-OPH mooted his motion for a preliminary injunction insofar as Holmes sought an order forcing defendants to transfer him to that facility.  Judge Foster further found that the voluntary-cessation exception to the mootness doctrine did not apply because the record established that the DOC transferred Holmes back to MCF-OPH because of Dr. Letourneau's previously unknown opinion and not because Holmes had filed this lawsuit.  ECF No. 36 at 3, 4.

As Holmes points out, however, Dr. Letourneau had informed defendants that an "adjustable bed should be made available to" Holmes *before* he filed this lawsuit on September 25, 2023.  ECF No. 29 at 2.  Holmes argues that Dr. Letourneau's earlier note—dated September 20, 2023, but apparently received by defendants on

September 23, 2023[1]—shows that Holmes was transferred to moot his demand for injunctive relief. ECF No. 38 at 3–4. Holmes therefore asks for a preliminary injunction preventing defendants from moving him back to MCF-RC and taking away his adjustable hospital bed. ECF No. 33 at 2.

The Court agrees that the voluntary-cessation exception to the mootness doctrine applies. "A defendant 'faces a heavy burden' to establish mootness by way of voluntary cessation, but the standard is slightly less onerous when it is the government that has voluntarily ceased the challenged conduct." *Prowse v. Payne*, 984 F.3d 700, 703 (8th Cir. 2021) (cleaned up). Here, defendants failed to provide Holmes with an adjustable hospital bed despite the advice of his doctor until after Holmes filed this lawsuit. Defendants have not explained why Dr. Letourneau's earlier note (which they appear to have received on September 23, 2023) and later letter (which they acknowledge receiving on October 12, 2023) did not cause them to transfer Holmes back to MCF-OPH, but Holmes *filing the letter with the Court* did. ECF No. 20. And unlike in *Prowse*, defendants have not expressly stated—nor provided any assurances—that Holmes will continue to be provided an adjustable hospital bed as long as it is medically indicated, regardless of the status of this lawsuit. Thus, defendants have not

---

[1]The note is also marked "AN 9/26/23" by hand, possibly referring to a review by Anne Njenga, the Centurion Medical Services provider later consulted before Holmes's October 31 transfer. *See* ECF No. 20 ¶ 5.

made it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (holding officials' voluntary cessation of inadequate treatment did not moot request for equitable relief requiring defendants to provide consistent access to appropriate treatment).

That said, although Holmes's motion for a preliminary injunction is not moot, Holmes still bears the burden of establishing that he is entitled to such relief. Among other things, Holmes must show that he will face "the threat of irreparable harm" in the absence of an injunction. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Holmes has provided no evidence that defendants intend to move him from MCF-OPH or take away his adjustable hospital bed, or that doing so in the future would necessarily cause him irreparable harm. *See S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) ("Speculative harm does not support a preliminary injunction." (citation omitted)). As the R&R notes, it is possible that Holmes's condition or treatment plan may change and that he will no longer need an adjustable hospital bed. It is also possible that MCF-RC will obtain adjustable hospital beds. In short, Holmes has not established that a future transfer to MCF-RC—or a future deprivation of an adjustable hospital bed—is imminent or would necessarily

cause him irreparable harm.  Therefore, Holmes's motion for a preliminary injunction is denied.  *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667 (8th Cir. 2022) ("The absence of irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." (cleaned up)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 38] is OVERRULED.

2. The Report and Recommendation [ECF No. 36] is ADOPTED IN PART.

3. Plaintiff's motion for a preliminary injunction [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 12, 2024            s/Patrick J. Schiltz
                                 Patrick J. Schiltz, Chief Judge
                                 United States District Court