UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephan Nicholas Holmes, | Case No. 23-cv-2969 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Corrections, et al., | |
| Defendants. | |

This matter is before the Court on Stephan Nicholas Holmes' self-styled *Motion Ordering Defendants Arrange Depositions* ("Motion") (ECF No. 110). Mr. Holmes sent defense counsel two requests to depose Defendants Cassandra Halfacre, Joan Wolff, Kirsten Grunewaldt and non-party witnesses Darin Haugland and Luke DeHaan. (*See id.*; ECF No. 113 at 1.) Mr. Holmes also sent a request for documents. (*See* ECF No. 110.) Defendants responded to Mr. Holmes' request for documents but failed to respond to his requests to schedule depositions. (*See* ECF Nos. 110, 113.) The Court construes the Motion as a request for the Court to direct Defendants to work with Mr. Holmes with respect to scheduling the requested depositions. For the reasons stated below, the Court denies the Motion as moot.

Mr. Holmes is a pro se litigant who is currently incarcerated at Minnesota Correctional Facility – Oak Park Heights. (*See* ECF No. 110-1.) As an incarcerated person, his ability to communicate outside the prison is limited. It is therefore heavily incumbent on defense counsel to be responsive to his communications and requests during the discovery stage of this litigation. Defense counsel states that, during the first week of April 2025, she "prepared a letter response to Mr. Holmes regarding his request to conduct depositions but, unfortunately, it appears the letter was never sent." (ECF No. 113 ¶ 2.) Defense counsel's failure to respond to Mr. Holmes'

communications is unacceptable.  The Court recognizes that mistakes can happen, but given Mr. Holmes' status and his need for discovery, the Court impresses on counsel that she must be more diligent in her communications with Mr. Holmes.  If no response to her letters is forthcoming from Mr. Holmes, then common sense dictates she should follow up—by telephone phone if necessary—to confirm he received her communications.

That said, counsel sent a letter to Mr. Holmes in response to the Motion on July 7, 2025 about next steps in arranging depositions for Defendants Halfacre, Wolff, and Grunewaldt.[1]  (*See* ECF No. 113-1.)  Because Defendants are now doing what Mr. Holmes' Motion asks the Court to order them to do, the Court's intervention is no longer required, and the Motion is moot.

Though the parties have now begun communicating about Mr. Holmes' deposition requests, Mr. Holmes will need to overcome significant obstacles to obtain the testimony he seeks.  First, Rule 30 of the Federal Rules of Civil Procedure makes clear that any party who requests a deposition must pay the deposition recording costs, *see* Fed. R. Civ. P. 30(b)(3)(A)—and the court reporting fees for such recordings are typically quite significant.  Defendants are not required to bear these costs, and the costs are not covered by the Court even though Mr. Holmes is proceeding in this matter *in forma pauperis* (*see* ECF No. 40, granting *in forma pauperis* application).  *See Rodgers v. Thompson*, No. 1:23-CV-77 (SNLJ), 2024 WL 2321100, at * 1 (E.D. Mo. May 22, 2024) (stating litigant is obligated to pay the costs himself); *Espinal v. Coughlin*, No. 98-CV-2579 (RPP), 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) (stating court will not pay for these costs); *Walters v. Hawkins*, No. 5:23-CT-3207 (RBJJ), 2025 WL 557453, at *1 (E.D.N.C. Feb. 20, 2025) (stating plaintiff is not permitted

---

[1] Since defense counsel does not represent Darin Haugland or Luke DeHaan, she is not responsible for arranging their depositions.  To depose them, Mr. Holmes must serve them with subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure and make arrangements for their testimony to be transcribed.  However, if Mr. Holmes subpoenas these individuals, he must also provide notice and a copy of each subpoena to Defendants.  *See* Fed. R. Civ. P. 45(a)(4).

to shift recording costs to defendants).  Second, if Mr. Holmes can afford these costs, he must comply with all the notice requirements for oral depositions outlined in Rule 30 of the Federal Rules of Civil Procedure.  Finally, because Mr. Holmes is incarcerated, he would need to make arrangements with the prison where he is incarcerated to facilitate taking the depositions remotely or through some other process that would accommodate any potential security concerns.  *See* Fed. R. Civ. P. 30(b)(4) (allowing parties to stipulate to or file a motion for remote depositions).

If Mr. Holmes is unable to afford the costs associated with oral depositions, he is not without options.  The Federal Rules of Civil Procedure establish alternative means of collecting discovery from Defendants and witnesses.  *See* Fed. R. Civ. P. 31 (Depositions by Written Questions); Fed. R. Civ. P. 33 (Interrogatories to Parties); Fed. R. Civ. P. 36 (Requests for Admission).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Stephan Nicholas Holmes' *Motion Ordering Defendants Arrange Depositions* (ECF No. 110) is **DENIED AS MOOT**.

Dated:  July 15, 2025                                   *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge