# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephan Nicholas Holmes, | Case No. 23-cv-2969 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Corrections, et al., | |
| Defendants. | |

For a second time, this matter is before the Court on Stephen Nicholas Holmes' self-styled *Motion Ordering Defendants Arrange Depositions* ("Motion") (ECF No. 110). Mr. Holmes sent defense counsel two requests to depose Defendants Cassandra Halfacre, Joan Wolff, Kirsten Grunewaldt and non-party witnesses Darin Haugland and Luke DeHaan. (*See id.*; ECF No. 113 at 1.) Mr. Holmes also sent a request for documents. (*See* ECF No. 110.) Defendants responded to Mr. Holmes' request for documents but failed to respond to his requests to schedule depositions. (*See* ECF Nos. 110, 113.)

In a previous order entered on July 15, 2025 ("July 15 Order"), the Court held that Mr. Holmes' Motion was moot and explained that he will need to overcome "significant obstacles" to obtain the testimony he seeks. (ECF No. 114.) The next day, Mr. Holmes wrote a reply to Defendants' response to the Motion (ECF No. 115), and another day later, the postal service received the reply (*see* ECF No. 115-1). It is unclear whether Mr. Holmes knew of the Court's order when he wrote his reply or whether he intended to ask the Court to reconsider its order.

Replies to an opponent's response are not permitted on non-dispositive motions, *see* Local Rule 7.1(b)(3). Therefore, to afford the most liberal interpretation of Mr. Holmes' reply in light of his pro se status, and to enable the Court to take the reply into consideration, the Court construes the

reply (ECF No. 115) as a motion to reconsider the July 15 Order ("Motion to Reconsider"). Having reviewed the Motion to Reconsider, however, and finding no ground to vacate the July 15 Order, the Court **DENIES** it.[1]

As the July 15 Order explained, Mr. Holmes must follow the procedures outlined in the Federal Rules of Civil Procedure if he wishes to conduct oral depositions. (*See* ECF No. 114 at 3-4.) The procedures include serving appropriate notices on Defendants and any third-party witnesses, *see* Fed. R. Civ. P. 30(b), and arranging for a court reporter or other authorized officer to be present, *see* Fed. R. Civ. P. 28(a). Additionally, Mr. Holmes is responsible for the costs of recording any oral deposition. *See* Fed. R. Civ. P. 30(b)(3). The Court will not order Defendants to bear these costs.[2] (*See* ECF No. 114 at 3.)

At this time there is no indication that Mr. Holmes has served appropriate notices for the witnesses he seeks to depose or arranged for any necessary court reporting services. And as the Court noted in its July 15 Order, defense counsel is now corresponding with Mr. Holmes regarding the scheduling of depositions in response to his requests. (ECF No. 114 at 2.) The Court denies Mr. Holmes' Motion to Reconsider for these reasons.

---

[1] Mr. Holmes states he has been prejudiced because of Defendants' delay in responding to his deposition-related requests. (*See* ECF No. 115 at 1.) To the extent Mr. Holmes seeks an extension of the discovery schedule because of these delays, he must file a motion for such an extension and state how much more time he needs. *See* Fed. R. Civ. P. 16(b)(4). Moreover, as with all motions, he must meet and confer with defense counsel before filing his motion to discuss whether Defendants would agree to an extension. *See* Local Rule 7.1(a). If Mr. Holmes contacts defense counsel about an extension, the Court expects defense counsel to respond promptly.

[2] Mr. Holmes' *in forma pauperis* status (ECF No. 40) covered the costs of service and allowed him to pay the filing fee for this action in installments, but it does not entitle him to prepayment of any discovery costs or allow him to shift such costs to the Defendants or the court. *See Wright v. United States,* 948 F. Supp. 61, 61 (M.D. Fla. 1996) ("[A] party proceeding in forma pauperis is still responsible for bearing the costs of witness fees," and the costs for a court reporter and transcription fees); *Toliver v. Community Action Comm'n to Help the Economy, Inc.,* 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (stating that the IFP statute, 28 U.S.C. § 1915, does not provide "clear statutory authority for prepayment of discovery costs").

Finally, the Court briefly addresses Mr. Holmes' contention that he cannot arrange any depositions because he is incarcerated, and Defendants control his access to the necessary resources for telephone calls and videoconferencing. If Mr. Holmes complies with all the applicable procedural requirements—and barring any well-founded objection under the Rules of Civil Procedure that the Court sustains[3]—the Court expects Defendant Minnesota Department of Corrections, which controls the facility where Mr. Holmes is incarcerated, to allow him access to a room and the technology he would need to conduct the depositions. But until Mr. Holmes fully complies with the above-stated procedural requirements, and any potential objections from Defendants or third-party deponents have been resolved, any order directing them to facilitate his depositions would be premature.

**IT IS SO ORDERED.**

Dated: July 23, 2025                                              *s/ Dulce J. Foster*
                                                                  DULCE J. FOSTER
                                                                  United States Magistrate Judge

---

[3] In other words, this Order should not be construed as a preemptive decision regarding any objection Defendants may otherwise have to Mr. Holmes noticing a particular deposition on grounds of relevance, proportionality, privilege or any other applicable ground.