**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Stephan Nicholas Holmes,                                  Case No. 23-cv-2969 (PJS/DJF)

                    Plaintiff,

v.

Minnesota DOC, et al.,                                                  **ORDER**

                    Defendants.

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 154) filed in connection with Defendant's: (1) Motion for Summary Judgment (ECF No. 132).

Defendants filed their brief in support of the summary judgment motion under seal (ECF No. 135) along with a publicly-filed, redacted version (ECF No. 134). Defendants also filed numerous related exhibits under seal (ECF Nos. 136 to 136-7, 138, 140 to 141-1, 142, 144 to 144-6). Defendants publicly filed redacted versions of the exhibits as appropriate (ECF Nos. 137, 139, 141, 143, 145) and otherwise filed statements indicating that redaction was impracticable (ECF Nos. 147).

The parties request that the sealed brief filed at ECF Nos. 135 and the documents filed at ECF Nos. 136, 136-1 to 136-7, 138, 140, 141-1, 142, 144, 144-1 to 144-6, and related redacted information, remain sealed because they contain confidential medical information about Plaintiff Stephan Holmes. (ECF No. 154.) The Court previously granted the parties' requests to seal documents for similar reasons presented here. (*See* ECF No. 72.)

The Court further notes that, after the parties filed the Sealing Motion, Defendants filed a Reply in support of their Motion for Summary Judgment under seal (ECF No. 161), along with a

publicly-filed, redacted version of their Reply memorandum (ECF No. 162).  To avoid the need for unnecessary motion practice, the Court has reviewed that filing and addresses it in this Order as well.

### I.      Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court."  L.R. 5.6(a)(1).  "There is a common-law right of access to judicial records."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)).  But the right of access is not absolute.  *Id.* at 1123.  The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'"  *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223).  "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts."  *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so."  *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018).  On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts

to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

### V.       Analysis

Defendants' Motion for Summary Judgment (ECF No. 132) is not yet resolved, such that it is unknown at this juncture whether the documents at issue will play a material role in the exercise of Article III judicial power.  That uncertainty is of no consequence, however, because the Court would reach the same determination, set forth below, under either the "compelling reason" standard, *Flynt*, 885 F.3d at 511, or the "countervailing reason" standard, *IDT Corp.*, 709 F.3d at 1224.

Having reviewed the sealed documents, including the documents at issue in the Sealing Motion and Defendants' later-filed Reply memorandum, the Court agrees sealing is appropriate. Each document contains Mr. Holmes' confidential medical information.  The Court finds the parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing, and *a fortiori* adequate countervailing reasons, which outweigh any public interest in unsealing them.[1]  *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing for the redaction of "sensitive  personal information").

---

[1] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the documents and the information they contain in deciding dispositive motions or at trial.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion Regarding Continued Sealing (ECF No.154) is **GRANTED** as follows:

    a. The Clerk of Court is directed to keep the documents filed at ECF Nos. 135, 136, 136-1 to 136-7, 138, 140, 141-1, 142, 144, and 144-1 to 144-6, under seal.

2. The Court further directs the Clerk of Court to keep the document filed at ECF No. 161 under seal.

Dated: July 24, 2026

s/ Dulce J. Foster
DULCE J. FOSTER
United States Magistrate Judge